IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3027 |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RAPHAEL F. ENCINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to 18 U.S.C. §§ 3402[1], this is an appeal from defendant Raphael Encinger's misdemeanor conviction by Magistrate Judge Cheryl R. Zwart for engaging in disorderly conduct at a Department of Veterans Affairs facility in Grand Island, Nebraska, in violation of 38 C.F.R. § 1.218(b)(11).[2]  After a bench trial, Encinger was found guilty and fined in the amount of $150.00, plus a $25.00 processing fee.  (Filing 18.)  The defendant, proceeding pro se, filed a notice of appeal on the date of conviction.  (Filing 17.)

Contrary to the court's prior order (filing 25), Encinger has failed to file a brief

---

[1]"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."  18 U.S.C. § 3402.

[2]38 C.F.R. § 1.218(b)(11) provides that engaging in disorderly conduct "which creates loud, boisterous, and unusual noise . . . or which tends to impede or prevent the normal operation of a service or operation of the facility" while on property under the charge and control of the VA is an offense punishable by up to six months in prison and a $250 fine.

in support of her[3] appeal.  Therefore, I rely only on the defendant's illegible notice of appeal (filing 17) to inform the court of Encinger's assignments of error, which I construe to be: (1) the magistrate judge erred when she denied the defendant's motion for a continuance to gather and present evidence on her behalf; and (2) insufficiency of evidence to support her conviction.[4]

## BACKGROUND

Encinger, a male, was convicted of disorderly conduct after the government presented evidence that Encinger appeared in the VA Hospital in Grand Island, Nebraska, in scant female clothing that revealed Encinger's buttocks, and then became upset, agitated, and uncooperative in the facility's dining room when asked by a federal police officer to change into a longer skirt.

At the defendant's initial appearance on February 4, 2010, she pleaded not guilty and elected to proceed to trial before the magistrate judge.  (Filing 24, Tr. 3:21-4:3.)  When looking for a trial date three to four weeks away, Encinger claimed she needed to retain "a good trial attorney," but "three or four weeks should do it" and she "should be able to meet that deadline."  (Filing 24, Tr. 4:2-5:3.)  Trial was ultimately set for March 19, 2010—six weeks after Encinger's initial appearance .  (Filing 24,

---

[3]The defendant, a male, claims that a psychiatrist has given him a diagnosis of transgenderism, identified female, and the defendant would prefer to be called "she" or "her," as the case may be.  (Filing 24, Tr. 11:13-17, 14:1.)  I shall honor the defendant's preference.

[4]To the extent I can read the notice of appeal, I think the defendant's second assignment of error literally states:  "The Deficiency through the testimony of the witness of the prosecution through . . . examination towit—there was no investigation of the allegations, nor were there witnesses present despite the guarantees of the 6th amendment yet—even no proof of the facts of the charge except the bench found for the prosecution in deliberate acceptance of nothing more than gossip."  (Filing 17 (spelling errors corrected).)

Tr. 6:7-10.)  Magistrate Judge Zwart specifically told Encinger that "if you have difficulty locating an attorney and want it continued, all you have to do is contact the court and we will get it moved down the way"—an instruction the defendant indicated she understood.  (Filing 24, Tr. 6:7-14.)

Trial began as scheduled on March 19, 2010, but opened with Encinger requesting a continuance to acquire counsel and gather evidence.  (Filing 24, Tr. 8:1-12:22.)  Encinger claimed she had been "deathly ill" and had "not been able to acquire counsel."  (Filing 24, Tr. 8:18-21.)  She then presented progress notes from the VA Medical Center in Omaha, Nebraska, showing she had been hospitalized from February 25, 2010, to March 2, 2010, undergoing treatment for "bradycardia" and "hypotension."  (Trial Ex. 101, 102.)  Encinger admitted that she was able to drive and get to her doctor's appointments from March 8 to March 18, 2010.  (Filing 24, 41:14-22.)

Due to her illness, Encinger asked that the trial be continued so she could retain an attorney and so she could engage in discovery to obtain the names and addresses of all veterans who were present in the medical facility from 7:00 a.m. to 1:00 p.m. on the date of the alleged criminal violation; a listing of all names, addresses, and positions of the employees of that facility; and proof of Encinger's diagnosis of "transgenderism, identified female, made some months ago, plus copies of all the testing and allied evidence[] to that diagnosis."   (Filing 24, Tr. 10:25-12:6.)  Encinger's rationale for needing such information was to verify whether "anyone else" witnessed her alleged "nudity" and "shouting matches" in the cafeteria due to Encinger's appearance.  (Filing 24, Tr. 12:7-22.)

After consulting the digital recording of Encinger's initial appearance, Magistrate Judge Zwart denied Encinger's request for a continuance, noting that there were six weeks between Encinger's initial appearance and trial, and Encinger was specifically advised that "all [she] needed to do was contact the court" to receive

3

additional time, which she failed to do.  (Filing 24, Tr. 19:2-24.)   Further, the
government was present and prepared for trial, and a witness from Grand Island,
Nebraska, was present and ready to testify.  (Filing 24, Tr. 19:18-24.)

The Magistrate Judge also denied Encinger's request to engage in discovery,
stating that she would accept as true that the defendant had been diagnosed as
"transgender."   (Filing 24, Tr. 20:13-21:9.)   Magistrate Judge Zwart found that
Encinger's requests to discover the identity of all persons who were being treated or
who were employed by the VA Hospital in Grand Island, Nebraska, from 7:00 a.m.
to 1:00 p.m. on the date of the alleged incident were untimely and too broad.  Further,
the defendant failed to show that identifying these patients and employees would
produce relevant information. (Filing 24, Tr. 21:10-22.)  The Magistrate Judge then
denied the defendant's motion for a mistrial.  (Filing 24, Tr. 21:23-22:1.)

At trial, the government presented the testimony of Officer John Stefanini, a
federal police officer who was employed by the Grand Island VA Medical Center
("VAMC") on December 3, 2009.  Officer Stefanini testified that he was called to the
VAMC laboratory at approximately 8:00 a.m. on that date because an individual
reported that the defendant "was wearing female clothing," was "in the laboratory,"
was "wearing an extremely short skirt . . . that they believed they saw his genitals
hanging out from underneath the skirt that he was wearing," and the defendant had
"just left" the area.  (Filing 24, Tr. 23:1-24:14, 30:16-25.)

Officer Stefanini first spotted the defendant in the VAMC dining area wearing
"a micromini skirt, red heels, pink socks [and] . . . a sheer top . . . that was open . . .
."  The officer was "able to see the lower half of Mr. Encinger's buttocks."  Officer
Stefanini invited the defendant to accompany him outside the dining area so they
could discuss Encinger's attire, but the defendant refused and wanted to speak about
the matter inside the dining area "with . . . a lot of people within earshot."  The officer
then told Encinger that she "needed to get a longer skirt on."  The defendant refused,

4

became "very agitated and upset," and accused the police of harassing her, infringing upon her rights, and preventing her from seeking medical treatment at the VAMC. The defendant "was being louder than normal." (Filing 24, Tr. 31:20-34:15.) During this conversation, Encinger's "skirt . . . would ride up [and the defendant] would continually attempt to reach up to pull it down." Stephanini testified that "people would be staring at" the defendant during this conversation, and "when [the defendant] would actually look around the room, they would start to look down at their food trays or look away." (Filing 24:6-11, 39:12-24.) When it appeared to Officer Stephanini that Encinger "did not appear to want to leave the VA facility to obtain longer clothing for the lower half of his person," the officer issued the defendant a citation for disorderly conduct. (Filing 24, Tr. 36:5-18.)

Encinger testified on her own behalf, stating that Officer Stephanini did not properly investigate; the allegations were mere gossip; witnesses from the laboratory and cafeteria were either not present or not credible; she did not shout or use profanity; there is no dress code for patients; and she has been subject to police harassment for three years. Encinger admitted that she has previously been convicted of making terroristic threats, a felony. Finally, the defendant testified that her skirt was actually mid-thigh in length and that witnesses claiming otherwise were lying. (Filing 24, Tr. 43:5-52:3.)

In rebuttal, the government presented two affidavits showing that Officer Stephanini did indeed investigate this matter by obtaining two written witness statements. (Ex. 9, 10.)

The Magistrate Judge found Officer Stephanini's testimony credible, found that the allegations in the citation at issue were true, and found the defendant guilty of disorderly conduct on federal property in Grand Island, Nebraska.

## REQUEST FOR CONTINUANCE

5

In this appeal, "[t]he defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

Encinger first claims that the magistrate judge erred by denying her motion for a continuance in order to gather evidence. I can reverse the magistrate's denial of Encinger's motion for a continuance only if the magistrate judge abused her discretion and the moving party was prejudiced by the denial of the motion. *United States v. Espinosa*, 300 F.3d 981, 984-85 (8th Cir. 2002). "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *United States v. Parker*, 587 F.3d 871, 879 (8th Cir. 2009) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). *See also United States v. Tran*, 16 F.3d 897, 905 (8th Cir. 1994) (court must be afforded "substantial discretion" in determining whether to grant continuance; no abuse of discretion when case was ready to submit to jury and "counsel waited until the last moment to inform the judge" that defense witnesses failed to appear).

In this case, Encinger was specifically advised to call the court if she needed more than six weeks between her initial appearance and trial to retain counsel and prepare for trial, and she did not do so. Despite her apparently serious health problems which caused her to be hospitalized for a week during this six-week time period, Encinger admitted she was able to drive herself to medical appointments from March 8 to March 18, 2010. If the defendant was able to drive, surely she was able to contact the court to request a continuance due to health issues.

Despite the Magistrate Judge's denial of the defendant's motion to continue, Encinger had a full opportunity to cross-examine the witness against her at trial, object

to evidence, and testify on her own behalf.  Moreover, Encinger has not established that a trial continuance would have changed the outcome of her trial.  Therefore, the Magistrate Judge did not abuse her discretion in denying Encinger's request for a continuance, and the defendant was not prejudiced by that denial.  *United States v. Cordy*, 560 F.3d 808, 816 (8th Cir. 2009) (continuance on day of trial can "exact significant costs on the administration and case management of a federal court, . . . witnesses, and other litigants affected by the postponement").

## SUFFICIENCY OF EVIDENCE

Encinger next claims that the evidence was insufficient to support her conviction.  "In determining whether sufficient evidence exists to support a conviction, we must decide 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Pierson*, 544 F.3d 933, 938 (8th Cir. 2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

There is credible evidence that on December 3, 2009, a federal police officer on duty at the VA Medical Center in Grand Island, Nebraska, received a complaint from the laboratory that Encinger appeared in that area in clothing that revealed her genitals.  Further, the officer personally witnessed Encinger in the cafeteria of that facility in clothing that revealed her buttocks.  When the officer confronted Encinger about the revealing nature of her clothing, Encinger became "very agitated and upset" and accused the police of harassing her, infringing upon her rights, and preventing her from seeking medical treatment at the VAMC.  The officer testified that Encinger "was being louder than normal" and "people would be staring at" the defendant during this escalating conversation.

This evidence established that defendant Encinger, while on property under the

7

charge and control of the VA, engaged in disorderly conduct which "create[d] loud, boisterous, and unusual noise" or which tended to "impede or prevent the normal operation of a service or operation of the facility."  38 C.F.R. § 1.218(b)(11).  Thus, there was sufficient evidence to support Encinger's conviction.

IT IS ORDERED:

1.      The appeal from defendant Raphael Encinger's misdemeanor conviction for engaging in disorderly conduct at a Department of Veterans Affairs facility in Grand Island, Nebraska, in violation of 38 C.F.R. § 1.218(b)(11) is denied;

2.      The judgment of conviction and sentence imposed by Magistrate Judge Cheryl R. Zwart is affirmed;

3.      Judgment shall be entered by separate document.

DATED this 13th day of July, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.